Lincoln Law, LLP
Carl R. Gustafson, Bar No. 254881
Attorney for Debtor
1525 Contra Costa Blvd.
Pleasant Hill, CA 94523
Telephone: (800) 722-6578
Facsimile: (800) 584-6826

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In Re:

Della Marie Lorenzetti,

Debtor

Case No.: 13-44091

Chapter 13

**MOTION TO SET PROPERTY VALUE OF 3166 WESTBOURNE DRIVE, ANTIOCH, CA 94509 AND AVOID SECOND POSITION LIEN OF BANK OF AMERICA, N.A. ON REAL PROPERTY**

MOTION IS HEREBY MADE by Della Marie Lorenzetti, (the "Debtor"), by and through Counsel, for an order valuing the property located at 3166 Westbourne Drive, Antioch, CA 94509 and avoid second position lien on the Debtor's property, recorded in favor of Bank of America, N.A. (the "Junior Lienholder").

This case was commenced by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. This Motion is brought pursuant to 11 U.S.C. § 506 and Rule 3012.

///

///

///

## I.
## CREDITOR'S CLAIM SECURED BY A LIEN ONLY SECURED TO THE EXTENT OF THE VALUE OF SUCH CREDITOR'S INTEREST IN SAID PROPERTY

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property..." (11 U.S.C.§ 506(a)(1)).

Subsection (a) of 11 U.S.C. § 506 determines the amount of a secured claim. Under § 506(a)(1), a creditor with a lien has an allowed secured claim only to the extent of the amount of the value of the collateral.

## II.
## RULE 3012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ALLOWS THE COURT TO DETERMINE THE VALUE OF A CLAIM

Rule 3012 implements § 506(a) of the Code with respect to valuation of a secured claim in order to determine the extent to which the property is secured or unsecured.

## III.
## FACTS

1. The Debtor commenced this case on 7/19/2013.

2. Among the assets at the commencement of the case was the Debtor's residence, Parcel No. 068-463-004 in Contra Costa County, City of Antioch, commonly known as 3166 Westbourne Drive, Antioch, CA 94509, and more fully described in Exhibit A attached hereto and incorporated herein by reference (the "Property").

3. The Property is subject to senior liens (the "Senior Liens") to the Lien sought to be avoided as follows (see Exhibit B and C):

    a. Bank of America, N.A.                $209,984

4. For purposes of this Motion the Debtor does not object to the creditor's claimed value of the Senior Liens against the Property referred to in Exhibit B, which is a true and correct copy of

the Senior Deed of Trust; and Exhibit C, which is a true and correct copy of the Senior Lienholder's mortgage account statement or Proof of Claim, both incorporated herein by reference.

5. The Junior Lienholder has recorded a consensual lien (the "Lien") in the principal amount of $39,974. The Lien was recorded in Contra Costa County on or about April 5, 2007 as Document No. 2007-0099281-00, attached hereto as Exhibit D and incorporated herein by reference.

6. The Junior Lienholder's deed of trust is serviced by Bank of America, N.A., attached hereto as Exhibit E, the Junior Lienholder's monthly mortgage statement, and incorporated herein by reference.

7. The Debtor has filed a Chapter 13 Plan stating that the Property should be valued by way of motion and stripped through the Plan. A true and correct copy of the Chapter 13 Plan is attached hereto and incorporated herein by reference as Exhibit F.

8. The value of the Property at the commencement of the case was $200,000 as reflected in the Declaration filed herewith and incorporated herein by reference.

9. The Senior Liens total more than the value of the Property.

### IV.
### POINTS AND AUTHORITIES

11 U.S.C. § 506(a)(1) provides that a creditor has an allowed secured claim to the extent of the creditors interest in the estate property, and an unsecured claim to the extent its claim exceeds the value. 11 U.S.C. Section 506(d) provides that, to the extent that the lien secures a claim against the debtor and it is not an allowed secured claim, such lien is void.

11 U.S.C. § 1233(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence. However, where a creditor's claim, which is seemingly secured only

by an interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. section 506, the lien is void. See *In re Zimmer*. 313 E.3d 1220 (9th Cir. 2002).

## V.
## PRAYER

WHEREFORE, the Debtor respectfully prays for relief as follows:

1. For purposes of the Debtor's Chapter 13 plan only, that the Lien be valued at zero, that Bank of America, N.A. does not have a secured claim, and that the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.

2. Relief shall become part of the Debtor's confirmed Chapter 13 plan.

3. Upon entry of a discharge in the Debtor's Chapter 13 case, that the Lien be voided for all purposes, and upon application by Debtor, the Court will enter an appropriate form of judgment voiding the Lien.

4. If the Debtor's Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, relief shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lienholder, the Court will enter an appropriate form of order restoring the Lien.

5. Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

Dated: July 25, 2013

/s/ Carl R. Gustafson  
LINCOLN LAW, LLP  
Attorney and Counselor at Law